

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | )<br>)<br>) | Criminal Action No. 5:04CR30018-006 |
| v. | )<br>)<br>) | **MEMORANDUM OPINION** |
| RICHARD TOLAND FIELDS,<br>    Defendant. | )<br>) | By: Hon. Glen E. Conrad<br>United States District Judge |

This case is presently before the court on the issue of whether the defendant should receive a reduction in sentence pursuant to the United States Sentencing Commission's retroactive application of the amended guidelines pertaining to crack cocaine. For the following reasons, the court finds no viable reason why the defendant should not receive the benefit of the amendment.

On March 18, 2005, the defendant, Richard Toland Fields, was found guilty by a jury of one count of conspiring to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Under the advisory sentencing guidelines, the defendant had a total offense level of 36 and a criminal history category of III, resulting in a guideline range of imprisonment of 235 to 293 months. The defendant was ultimately sentenced to a 210-month term of imprisonment, after the court varied downward due to the defendant's minimal role and involvement in the conspiracy and the lesser terms of imprisonment imposed upon his more culpable co-defendants.

Pursuant to its statutory authority, the Sentencing Commission amended the sentencing guidelines applicable to criminal cases involving crack cocaine, or cocaine base, effective November 1, 2007. Specifically, the Sentencing Commission amended the drug quantity table set forth in U.S.S.G. § 2D1.1(c), such that crack cocaine quantities were generally lowered by two levels. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to offenders who were sentenced

under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

Under the amended guidelines, the defendant has a total offense level of 34, resulting in a guideline range of imprisonment of 188 to 235 months. On February 20, 2008, the court notified the parties that the court proposed to reduce the defendant's term of imprisonment from 210 months to 168 months. The government subsequently objected to the proposed sentence reduction, however the defendant has failed to file a response. Nevertheless, for the reasons that follow, the court will overrule the government's objections and effect the proposed reduction in the defendant's sentence.

The government makes several objections to the proposed reduction. The government contends that the defendant should not receive a reduction in his sentence because he participated in a significant crack cocaine distribution conspiracy that was responsible for distributing more than 1.5 kilograms of crack cocaine, the defendant is personally responsible for distributing just under 500 grams of crack cocaine during the course of that conspiracy, and the defendant was involved in the illegal sale of a firearm. The court finds, however, that all of this conduct was known to the court at the time of sentencing and was fully taken into account when fashioning a proper sentence in this case.

The government also asserts that the defendant has already received the benefit of a reduction in his sentence when the court varied downward from the applicable guideline range. The court notes, however, that the co-defendants in this case are likely to be eligible for and receive reductions under the amended guidelines. Therefore, the disparity noted by the court when this defendant was originally sentenced would still exist in the absence of the sentence reduction

2

permitted under the amended guidelines.

The court notes that in sentencing this defendant, the court relied heavily on the advisory guidelines in establishing a starting point for determining a fair and just sentence. In the court's view, the amendments to the guidelines pertaining to crack cocaine represent a change in the fundamental philosophy and statistical assessment upon which the advisory guidelines are premised. In accord with this change in philosophy, and having considered the factors set forth in 18 U.S.C. § 3553(a) and U.S.S.G. § 1B1.10, as amended, the court will reduce the defendant's sentence to 168 months. All other terms of the original sentence will remain the same.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This ___8th___ day of April, 2008.

_____
United States District Judge

3